**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **TONY WOO,** | : | |
| **Plaintiff,** | : | |
| | : | **CIVIL ACTION NO.:** |
| **v.** | : | |
| **CITY OF PHILADELPHIA; and,** | : | |
| **CITY OF PHILADELPHIA POLICE** | : | |
| **DEPARTMENT,** | : | |
| | : | |
| **Defendants.** | : | |

**COMPLAINT AND JURY DEMAND**

**I.    INTRODUCTION**

Plaintiff, Tony Woo, claims of Defendants, City of Philadelphia and City of
Philadelphia Police Department, a sum in excess of $150,000 in damages upon a cause
of action whereof the following is a statement:

1.    This action for declaratory, injunctive, monetary and other appropriate
relief is brought by Plaintiff to redress violations by Defendants of rights secured to
Plaintiff by the laws of the United States of America.

2.    This action arises under Title VII of the Civil Rights Acts of 1964 ("Title
VII"), 42 U.S.C. §2000(e), et seq., as amended by the Civil Rights Act of 1991 at 42
U.S.C. §1981(a), and is brought by Plaintiff to redress arbitrary, improper, unlawful,
willful, deliberate and intentional discrimination with respect to his compensation, terms,
conditions and privileges of employment by Defendants, based on his race (Asian) and
national origin (Chinese).  Plaintiff also asserts a discrimination claim under the
Pennsylvania Human Relations Act ("PHRA"), 43 P.S. §951, et seq.

II.    **JURISDICTION AND VENUE**

3.    The jurisdiction of this Court is invoked pursuant to Title 28 U.S.C. §1331 and Title 42 U.S.C. §2000e-5(f), which provide for original jurisdiction of Plaintiff's claims arising under the laws of the United States and over actions to recover damages and to secure equitable and other relief under the appropriate governing statutes.

4.    The venue of this Court is invoked pursuant to the dictates of Title 28 U.S.C. §1391(c).

5.    The supplemental jurisdiction of this Court is invoked pursuant Title 28 U.S.C. §1367 to consider Plaintiff's claims arising under the PHRA.

6.    All conditions precedent to the institution of this suit have been fulfilled. On July 15, 2025, a Notice of Right to Sue was issued by the Equal Employment Opportunity Commission.  This action has been filed by the Plaintiff within ninety (90) days of receipt of said notice.  The Plaintiff has exhausted all other jurisdictional requirements prior to the maintenance of this action.

III.    **PARTIES**

7.    Plaintiff, Tony Woo, is an adult citizen of the Commonwealth of Pennsylvania who resides therein at 3575 Sipler Lane, Huntingdon Valley Pennsylvania.

8.    Defendant, City of Philadelphia, was and is now a municipal entity duly organized and existing under the laws of the Commonwealth of Pennsylvania and maintains a place of business located at 1401 John F. Kennedy Boulevard, Philadelphia, Pennsylvania.

9.      Defendant, City of Philadelphia Police Department, was and is now a municipal entity duly organized and existing under the laws of the Commonwealth of Pennsylvania and maintains a place of business located at 400 N. Broad Street, Philadelphia, Pennsylvania.

10.     At all times relevant hereto, Defendants were acting through their agents, servants and employees, who were authorized and acting within the scope of their authority, course of employment, and under the direct control of Defendants.

11.     At all times material herein, Defendants have been a "person" and "employer" as defined under Title VII and the PHRA, and are subject to the provisions of each said Act.

**IV.    STATEMENT OF CLAIMS:**

**A.    BACKGROUND:**

12.     In recent years, Defendant, City of Philadelphia, has acknowledged that racial inequalities exist within its Police force and other municipal Departments.

13.     In 2023, Defendant, City of Philadelphia, actively developed DEI initiatives which sought to "build and retain a workforce that better reflects and serves the residents of Philadelphia – across all functions and leadership levels - inclusive of race…".

14.      Even with that acknowledgment, Defendants continue the promotion of practices that favor Caucasian employees and disadvantage certain other minorities, such as persons of Asian descent.

15.    These practices repeat the same patterns that have existed for decades

and reinforce the racial disparities which presently exist.

16.    Asian-American Lieutenants within the City of Philadelphia Police Department have been amongst the most adversely affected segment of the Defendants' workforce.

17.    In fact, no person of Asian descent has been promoted to the rank of Captain since 1976.

18.    At present, no Asian officers hold the rank of Captain or serve in command positions where they can shape policy or mentor other Asian officers.

19.    This nearly 50-year gap in promoting an Asian to the position of Captain points to a systemic barrier in advancement

20.    The absence of representation at this critical level adversely limits career development of Asian officers, severely restricts leadership opportunities for Asians and perpetuates this cycle of exclusion.

21.    Historically, Asian personnel have also not been afforded access to prestigious leadership training programs such as the FBI National Academy, Northwestern University's police executive programs, and other specialized executive courses in Chicago and Washington, D.C.

22.    Although these programs are essential for building leadership experience and visibility, they remain disproportionately out of reach for many minority officers and in particular, Asian employees.

**B.    DISCRIMINATION AS TO PLAINTIFF:**

23.    Plaintiff was hired as a police recruit by Defendants in August, 2008.  He has dutifully and satisfactorily held the position of Lieutenant since 2021.

- 4 -

24.    In years when promotions to the status of Captain within Defendant, Philadelphia Police Department ("the Department") took place, they did so in (2) two rounds.  The first round typically promoted between 10 to 15 Captains, and the second round typically promoted 5 to 10, exceeding twenty (20) promotions in total after both rounds were completed.

25.    In or around 2023, Plaintiff was ranked seventeen (17) on the Captain's promotions list within the Department.

26.    At that time, Plaintiff was the only person of Asian descent on track for promotion to Captain within the Department.

27.    However, by March 2024, Defendants had elevated only nine (9) individuals to the status of Captain: (3) black males, one (1) white female, and five (5) white males.

28.    By March, 2025, Defendants successfully filled every vacant position within the Department, except those within the rank of Captain, even though vacancies still existed.

29.    Although Plaintiff was interviewed during one of these rounds for the rank of Captain, he was not selected for promotion.

30.    On or about April 28, 2025, Defendants allowed for the previous Captain's promotion list, which included Plaintiff, to expire.

31.    This act was discriminatory and deprived Plaintiff of the opportunity for promotion to the status of Captain.

32.    Plaintiff believes that Defendants purposefully allowed the promotional list to expire due to the number of minorities, himself included, who were next in line for

promotion.

33.    On or about May 25, 2025, Plaintiff was placed on a new list and once again, ranked number seventeen (17).

34.    By virtue of his numerical positioning, Plaintiff should have rightfully been within the top ten (10) of the second round of promotions; but once again, he was not selected.

35.    Plaintiff believes he was not selected from the Captain's list on the aforesaid occasions due to his race (Asian) and National Origin (Chinese), the intentional and cumulative effect of Defendant's systemic discriminatory practices.

36.    During his employment, and particularly during this time frame, Plaintiff tirelessly sought promotion to the rank of Captain.

37.    Although he was able to attend the Northwestern University police executive program, it was only after he persistently advocated for the opportunity to do so, which included submitting a formal memo highlighting his qualifications and readiness for the program.

38.    The difficulty of accessing this program, and lack of opportunity to attend other similar training programs, has limited Plaintiff's career development, visibility, and advancement opportunity within the Department.

39.    These actions have only served to perpetuate the systemic barriers to promotion for Plaintiff in particular, and for Asian personnel in general.

40.    In the end, Plaintiff was passed over for these promotions despite being a well-positioned and qualified Asian Lieutenant.

41.    Based on the above, Plaintiff believes and therefore avers that he has

- 6 -

been systematically discriminated against due to his race (Asian) and National Origin (Chinese).

**COUNT I**
**(TITLE VII – Race Discrimination)**

42.    Plaintiff incorporates by reference paragraphs 1 through 41 of this Complaint fully set forth at length herein.

43.    The actions of Defendants, through their agents, servants and employees, in subjecting Plaintiff to discrimination in the terms, conditions and privileges of his employment and by failing to promote him to Captain because of his race (Asian), constituted a violation of Title VII of the Civil Rights Acts of 1964 ("Title VII"), 42 U.S.C. §2000(e), et seq., as amended by the Civil Rights Act of 1991 at 42 U.S.C. §1981(a).

44.    Defendants' acts of discrimination, as aforesaid, were intentional, willful and in reckless disregard of Plaintiff's rights and interests.

45.    As a direct result of Defendants' willful and unlawful actions in violation of Title VII, Plaintiff has suffered emotional distress, humiliation, embarrassment, loss of self-esteem and has sustained a loss of earnings, the value of any benefits, loss of future earning power, loss of back pay and front pay and interest due thereon.

**COUNT II**
**(TITLE VII – National Origin Discrimination)**

46.    Plaintiff incorporates by reference paragraphs 1 through 45 of this Complaint fully set forth at length herein.

47.    The actions of Defendants, through their agents, servants and employees, in subjecting Plaintiff to discrimination in the terms, conditions and privileges of his employment and by failing to promote him to Captain because of his national origin

(Chinese), constituted a violation of Title VII of the Civil Rights Acts of 1964 ("Title VII"), 42 U.S.C. §2000(e), et seq., as amended by the Civil Rights Act of 1991 at 42 U.S.C. §1981(a).

48.    Defendants' acts of discrimination as aforesaid were intentional, willful and in reckless disregard of Plaintiff's rights and interests.

49.    As a direct result of Defendants' willful and unlawful actions in violation of Title VII, the Plaintiff has suffered emotional distress, humiliation, embarrassment, loss of self-esteem and has sustained a loss of earnings, plus the value of any benefits, loss of future earning power, loss of back pay and front pay and interest due thereon.

**COUNT III**
**(PHRA – Race Discrimination)**

50.    Plaintiff incorporates by reference paragraphs 1 through 49 of this Complaint as if fully set forth at length herein.

51.    The actions of Defendants, through their agents, servants and employees, in subjecting Plaintiff to discrimination in the terms, conditions and privileges of his employment, and in failing to promote Plaintiff to the position of Captain because of his race (Asian), constituted a violation of the PHRA.

52.    Defendants' acts of discrimination as aforesaid were intentional, willful and in reckless disregard of Plaintiff's rights and interests.

53.    As a direct result of Defendants' willful and unlawful actions in violation of the PHRA, Plaintiff has suffered emotional distress, humiliation, embarrassment, loss of self-esteem and has sustained a loss of earnings, plus the value of any benefits, loss of future earning power, loss of back pay and front pay and interest due thereon.

**COUNT IV**
**(PHRA – National Origin Discrimination)**

54.     Plaintiff incorporates by reference paragraphs 1 through 53 of this Complaint as if fully set forth at length herein.

55.     The actions of Defendants, through their agents, servants and employees, in subjecting the Plaintiff to discrimination in the terms, conditions and privileges of his employment, and in failing to promote Plaintiff to the position of Captain because of his national origin (Chinese), constituted a violation of the PHRA.

56.     Defendants' acts of discrimination as aforesaid were intentional, willful and in reckless disregard of Plaintiff's rights and interests.

57.     As a direct result of Defendants' willful and unlawful actions in violation of the PHRA, the Plaintiff has suffered emotional distress, humiliation, embarrassment, loss of self-esteem and has sustained a loss of earnings, the value of any benefits, loss of future earning power, loss of back pay and front pay and interest due thereon.

**PRAYER FOR RELIEF**

58.     Plaintiff repeats the allegations of paragraph 1 through 57 of this Complaint as if set forth herein at length.

**WHEREFORE**, Plaintiff requests this Court to enter judgment in his favor and against Defendants and order that:

(a)     Defendants promote Plaintiff to the position of Captain;

(b)     Defendants compensate Plaintiff for the wages and other benefits and emoluments of employment lost, because of their unlawful conduct;

(c)     Defendants pay to Plaintiff compensatory damages for future

- 9 -

pecuniary losses, pain, suffering, inconvenience, mental anguish, loss of enjoyment of

life and other non-pecuniary losses as allowable;

       (d)    Defendants pay to Plaintiff punitive damages (under Title VII) pre

and post judgment interest, costs of suit and attorney and expert witness fees as

allowed by law;

       (e) The Court award such other relief as is deemed just and proper.


## JURY DEMAND

Plaintiff demands trial by jury.

              **LOVITZ LAW FIRM, P.C.**

        By:_____
             KEVIN I. LOVITZ, ESQUIRE
             ID # 70184
             One Liberty Place
             1650 Market Street, 36th Floor
             Philadelphia, PA 19103
             (215) 735-1996 Phone
             (215) 735-1515 Fax
             Email: kevin@lovitzlaw.com
             *Attorney for Plaintiff, Tony Woo*